UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Case No.  14-20273
vs.                                    HON.  GEORGE CARAM STEEH

D-1 JOHNNY TROTTER, II, M.D., and
D-3 ELAINE LOVETT,

       Defendants.
_____/

ORDER GRANTING THE GOVERNMENT'S MOTION TO
COMPEL DISCOVERY REGARDING GOOD FAITH RELIANCE
<u>ON THE ADVICE OF COUNSEL DEFENSE (DOC. 132)</u>

Presently before the Court is the Government's motion to compel discovery regarding defendant Johnny Trotter's good faith reliance on the advice of counsel defense.  (Doc. 132).  The Government requests that Trotter waive the attorney client privilege over all communications from all attorneys who advised him on his management practices.

Trotter intends to assert a defense of good faith reliance on the advice of counsel and has agreed to waive the attorney-client privilege. Trotter's counsel submitted waivers for three attorneys: Carey Kalmowitz, Abby Pendleton, and Sarif Kasmikha.  The Government asserts that Trotter received management advice from additional attorneys, including Louis

1

Szura, David Haron, James Burdick, and Robert Morgan, and requests that Trotter waive privilege to these individuals as well.

"The attorney-client privilege cannot at once be used as a shield and a sword." *Ross v. City of Memphis*, 423 F.3d 596, 604-05 (6th Cir. 2005) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)). This standard conveys that "the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Id.* As such, Trotter must waive privilege for all attorneys who advised him on his management practices.

The scope of this waiver "goes not only to the specific advice of counsel, but also to all other attorney client communications related to the same subject matter. This includes the client's questions to the lawyer and material provided to counsel to help render an opinion." *K.W. Muth Co. v. Bing-Lear Mfg. Grp., L.L.C.*, 219 F.R.D. 554, 565 (E.D. Mich. 2003). Defense counsel asserts that they have produced all of the relevant documents in their possession. But, Fed. R. Crim. P. 16(b)(1)(A)(i) requires production of all relevant communications in *the defendant's* possession, custody, or control. Defense counsel is ordered to request these materials from his client. If Trotter has any such materials, counsel must produce them to the Government. Failure to make a full disclosure


constitutes a waiver of the advice of counsel defense. *Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F. Supp. 891, 894 (S.D.N.Y. 1990); *see, e.g., K & S Assocs., Inc. v. Am. Ass'n of Physicists in Med.*, 2011 WL 12873137, at *1 (M.D. Tenn. Dec. 14, 2011).

For the reasons stated above, the Government's motion is GRANTED. Trotter is ordered to (1) identify all attorneys who advised him on his management practices, (2) waive the attorney-client privilege for these attorneys, and (3) produce all materials relating to legal advice on these management practices in his possession. Failure to do so will preclude Trotter from raising the good faith reliance of counsel defense at trial.

IT IS SO ORDERED.

Dated: March 7, 2017

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 7, 2017, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk