UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 14-CR-20273
        HON. GEORGE CARAM STEEH

D-1 JOHN TROTTER, II, M.D.,
D-3 ELAINE LOVETT

        Defendants.
_____/

OPINION AND ORDER REGARDING THE GOVERNMENT'S
NOTICES OF INTENT TO OFFER 404(b) EVIDENCE (DOC. 136)

Defendants John Trotter, II, M.D., and Elaine Lovett are charged with health care fraud conspiracy and three counts of health care fraud. This matter is before the Court on the Government's notice of intent to offer Rule 404(b) evidence at trial against Trotter and Lovett. (Doc. 136). Defendants responded to this notice, to which the Government replied. The Court dispensed with oral argument in accordance with E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Court will permit this evidence.

## I. Background

Count One of the superseding indictment charges Lovett and Trotter with conspiring with each other, Michelle Freeman, and Andrew Hardy, Jr.,

- 1 -

M.D., to knowingly and willfully execute a scheme to defraud Medicare and to obtain money by making materially false and fraudulent representations on claim forms submitted. The conspiracy is alleged to have occurred from May 2008 to May 2014. The indictment specifies that the defendants conspired to unlawfully enrich themselves by submitting false claims to Medicare for physician visits that were not medically necessary, not provided, and/or not eligible for reimbursement; concealing the submission of false and fraudulent claims; and diverting proceeds of this fraud for their personal use and benefit. (Doc. 90 at ¶ 38).

To achieve this end, the defendants and Freeman allegedly used and/or purchased existing Medicare providers numbers, submitted false claims using provider numbers without the permission of those providers, submitted false statements for services not provided as billed, submitted claims for services provided by an unlicensed doctor, and submitted false enrollment materials that did not disclose Trotter's ownership interest.

Counts Two, Three, and Four allege that Trotter and Lovett executed a scheme to defraud Medicare by submitting false claims for services that were not rendered and were not medically necessary.

The government alleges the following facts regarding the proposed other act evidence. In approximately late 2012 or early 2013, Trotter and

ABIX Solutions, Inc. (ABIX), Lovett's billing company, arranged to bill Medicare under Dr. George Evans' Medicare Provider Identification Number (PIN).  Despite this billing, Evans never treated any of Trotter's patients and never managed or supervised any other purported practitioners.  Evans retained approximately five to ten percent of the reimbursements.  Lovett, through ABIX, also retained a percentage of the reimbursements in return for billing the claims and apportioning the funds between Trotter and Evans.

## II. Legal Standard

Evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Even if evidence is relevant, it may be inadmissible under another Federal Rule of Evidence.  Fed. R. Evid. 402.

"Evidence of a crime, wrong, or other act" is prohibited at trial when used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  But, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

The Court "must apply a three-step analysis to evaluate the admissibility of evidence under Rule 404(b)." *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000). First, the party seeking to admit 404(b) evidence must demonstrate that the other bad acts occurred. *Id.* (citing *United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994)). Second, the offering party must cite a specific purpose for which the evidence is offered. *Id.* "[T]he government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." *United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008). Essentially, the offering party "must show the evidence is probative of a material issue other than character." *Hardy*, 228 F.3d at 750. Finally, the Court must find that the evidence's probative value is not substantially outweighed by the risk of unfair prejudice. *Id.*; *see also* Fed. R. Evid. 403.

### III. Analysis

It is not clear whether defense counsel intends to raise a Fed. R. Evid. 402 objection in addition to their objection under Fed. R. Evid. 404(b). Nevertheless, the Court, will address admissibility under both rules.

Defense counsel argues that the proposed other act evidence is "not relevant to the charges set forth in the Superseding Indictment." (Doc. 140

at PageID 1833). This argument fails. Whether defendants conspired to commit and did in fact commit health care fraud is a fact of consequence. Evidence that Trotter arranged to improperly bill his claims under Evan's PIN, and that Lovett facilitated and benefitted from this arrangement, has a tendency to make this fact more probable. Defense counsel themselves highlight the relevance of this evidence, stating that the issue with other act evidence "is not that it is irrelevant, but, to the contrary, that using bad acts evidence can 'weigh too much with the jury.'" (Doc. 140 at PageID 1835) (quoting *Michelson v. United States*, 335 U.S. 469, 476 (1948)). Therefore, to the extent that defendants raised a Fed. R. Evid. 402 objection, it is overruled.

The Court evaluates defendants' Fed. R. Evid. 404(b) objection using the three-step analysis outlined in *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994). Defendants do not dispute the Government's assertion that Evans' testimony will demonstrate that the other acts actually occurred. Instead, defendants argue that the Government errs by failing to identify the proposed evidence's purpose with any specificity. Defendants ignore the Notice's assertion that this evidence is admissible to prove intent and absence of mistake. (Doc. 136 at PageID 1814).

Other act evidence is admissible as evidence of intent if specific intent is an element of the offense. *United States v. Merriweather*, 78 F.3d 1070, 1078 (6th Cir. 1998). Count I, health care fraud conspiracy, is a specific intent crime requiring defendants to have acted knowingly and willfully. (Doc. 90 at PageID 546). "To determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is 'substantially similar and reasonably near in time' to the specific intent offense at issue." *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (quotations and citations omitted). "[T]he prior acts need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *United States v. Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988) (citing *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987)).

The proposed other act evidence is substantially similar and reasonably near in time to the conspiracy charge. The superseding indictment alleges that, between May 2008 and May 2014, defendants billed Medicare for unnecessary and unrendered services. The proposed other act evidence involves Trotter and Lovett billing Medicare for services that Evans did not provide throughout late 2012 and early 2013.

Other act evidence may be introduced where, "by virtue of the defense raised by the defendant[s]," the Government has an affirmative duty to prove specific intent. *Johnson*, 27 F.3d at 1192. The Government, therefore, also offers Evans' testimony as evidence of absence of mistake to rebut defendants' possible defense that the contested claims were inadvertently billed under another provider's identification number. Testimony that Trotter paid Evans in return for billing false claims under his PIN, and that Lovett billed under Evans' PIN while knowing the falsity of the claims, demonstrates an absence of mistake and illustrates specific intent.

The probative value of Evans' testimony outweighs any potential unfair prejudice. Whether defendants "defrauded Medicare innocently or intentionally [is] a central issue" of this case. *United States v. English*, 785 F.3d 1052, 1056 (6th Cir. 2015). Evidence that sheds light on defendants' true intentions is highly probative. *Id.* Contrary to defendants' claims, the proposed evidence is not used merely to demonstrate a propensity to defraud Medicare. The Government has specifically articulated two permissible purposes. Finally, potential prejudice may be mitigated by giving the jury a detailed limiting instruction. *Id.*; *see also Hardy*, 643 F.3d at 153.

## IV. Conclusion

For the reasons stated above, the Court will permit Evans' testimony as permissible other act evidence under Fed. R. Evid. 404(b).

IT IS SO ORDERED.

Dated: March 30, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 30, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---