UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 14-20273
HON. GEORGE CARAM STEEH

JOHNNY TROTTER, II, M.D.,

    Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
TO COMPEL DISCOVERY (DOC. 202)

This matter is presently before the Court on defendant Johnny Trotter, II, M.D.'s motion to compel discovery. (Doc. 202). Trotter was convicted of conspiracy to commit health care fraud or wire fraud and three counts of health care fraud on April 28, 2017. (Doc. 174). The Government filed a Motion to Revoke Bond on June 28, 2017. (Doc. 198). The Government relies on testimony from confidential informants to argue that defendant is a danger to the community because he is illegally prescribing controlled narcotics. This testimony is summarized in the Government's Sealed Memorandum in Support of its Motion to Revoke Bond. (Doc. 199). Prior to responding to the Government's motion, defendant moved to compel related discovery. (Doc. 202). He seeks the

names of the confidential informants, their statements, and all interview notes, reports, and recordings.

"The Government has the privilege 'to withhold from disclosure the identity of persons who furnish information of violations of the law to officers charged with enforcement of that law.'" *United States v. Poulsen*, No. CR2-06-129, 2008 WL 928566, at *2 (S.D. Ohio, Apr. 7, 2008) (quoting *Roviario v. United States*, 353 U.S. 53, 59 (1957)). "To overcome this privilege, a defendant must 'show how disclosure of the informant would substantively assist his defense' or 'that disclosure is essential to a fair trial.'" *Id.* (quoting United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992)). "A defendant's 'mere conjecture or supposition about the possible relevancy of the informant's testimony' is not enough to warrant disclosure." *Id.* (quoting United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir.1985)).

These rules were "crafted in the context of a defendant's right to a fair trial." *Id.* Trotter, however, seeks discovery in the context of bond revocation hearing. The *Poulsen* court recognized that bond revocation hearings allow "far fewer procedural protections" than a trial. "For example, the Federal Rules of Evidence do not apply at bond hearings and courts therefore may base their detention decisions on hearsay evidence." *Id.* (internal citations omitted).

Trotter fails to overcome the Government's privilege. He merely moves for discovery "[i]n order to properly refute the allegations in the Government's Motion." (Doc. 202 at PageID 4451). He has not shown how disclosure of the informant(s) would substantively assist his defense or that disclosure is essential. Trotter also argues that "the Government's Motion is based on nothing more than stale hearsay." (Doc. 202 at PageID 4450). To the extent that Trotter relies on this argument to compel discovery, as opposed to refuting the Motion to Revoke Bond, the argument fails. It does not assist in showing substantive assistance or that disclosure is essential. Further, the Federal Rules of Evidence do not apply at bond hearings, *Poulsen*, 2008 WL 928566, at *2, and therefore, the court may consider hearsay.

For the reasons stated above, Trotter's Motion to Compel Discovery is DENIED.

IT IS SO ORDERED.

Dated: July 12, 2017

             s/George Caram Steeh
             GEORGE CARAM STEEH
             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 12, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk