UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    Case No. 14-20273

v.                                   HON. GEORGE CARAM STEEH

JOHNNY TROTTER, II,

       Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE PENDING APPEAL

Before the court is Defendant's motion for release pending appeal, which has been fully briefed.[1] Pursuant to L.R. 7.1, the court dispensed with oral argument and determined this matter on the briefs.[2] For the reasons explained below, Defendant's motion is denied.

Defendant Johnny Trotter, II, was convicted of conspiracy to commit health care fraud and three counts of health care fraud. The court sentenced Defendant to 180 months of imprisonment on November 7,

---

[1] Defendant also sought a stay of the sale of his home; the parties resolved this issue in a stipulated order. *See* Doc. 265.
[2] The court considered the supplemental materials submitted by Defendant. Doc. 268.

- 1 -

2017. Because the court was concerned that Defendant posed a flight risk, it ordered Defendant to be taken into custody immediately following the November 7 sentencing hearing. See Doc. 260 at 27-29. At a continuation of the hearing held on November 8, 2017, the court considered Defendant's request to be released, but concluded that Defendant posed a flight risk and ordered him detained. *Id.* at 35-38.

Defendant seeks bond pending appeal, pursuant to 18 U.S.C. § 3143(b). Upon a conviction and sentence, a defendant "shall" be detained pending appeal unless the court finds "by clear and convincing evidence" that he is not a flight risk or a danger to the community and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -- (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(B).

The court remanded Defendant because it was concerned that Defendant poses a flight risk. This concern is based upon the significant sentence he faces, the court's perception of his emotional state, his apparent inability to accept responsibility for his role in the fraud, his access

to funds, and his ability to easily travel internationally, given our proximity to Canada. *See* Doc. 260 at 35-38. The conditions proposed by Defendant do not fully address these concerns and the court cannot find by clear and convincing evidence that Defendant does not pose a flight risk.

As to the merits of his appeal, Defendant argues that the fraud loss used to calculate his sentence should have been significantly lower and that a correct calculation would result in a much lower sentence. According to Defendant, the government's theory was that Defendant billed Medicare for "nerve blocks" that were never provided, when in fact the government's definition of nerve block was flawed. Defendant argues that under the correct definition, nerve blocks were actually provided to patients. Thus, according to Defendant, not all of the nerve block procedures were proven to be fraudulent and the loss amount should have been much lower.

Defendant does not persuasively address the government's theory that he conspired to evade Medicare's prepayment review by billing through false fronts, employing sham owners, and billing under the provider numbers of other physicians. Medicare would not have paid any of the claims had it known that Defendant was the owner or manager of the clinics through which Medicare was billed; thus the loss amount was substantial and correctly calculated. This conclusion is not altered by

*United States v. Mehmood*, 2018 WL 3414591 (6th Cir. Jul. 13, 2018). The government's theory in *Mehmood* was that all the claims submitted by the defendant's companies were fraudulent because the defendant obtained access to Medicare by certifying that he would not engage in kickbacks "without any intention of living up to" that promise. *Id.* at * 10. The testimony at trial established that Medicare would not have paid any of the defendant's claims, including any legitimate ones, if the defendant had disclosed his fraudulent scheme. The district court concluded that the loss amount was equal to all the gross billings submitted by the defendant's companies. In an unpublished opinion, the Sixth Circuit reversed, rejecting "loss calculations based solely on a defendant's false representations to Medicare about the defendant's intent to follow Medicare's anti-kickback rules." *Id.* The court stated that the "value of any *legitimate* claims, if established, must be offset against the aggregate billings" to calculate the loss amount. *Id.*

Unlike *Mehmood*, the fraud in this case does not involve representations regarding Medicare's anti-kickback rules. Rather, Defendant received Medicare payments only by disguising his ownership of the billing entities so as to circumvent prepayment review, under which 100 percent of his claims had been rejected. This case is closer to *United*

*States v. Triana*, 468 F.3d 308 (6th Cir. 2006), in which the defendant was excluded from Medicare and barred from an ownership interest in entities billing Medicare. Nonetheless, the defendant obtained an ownership interest in a podiatry practice that billed Medicare. The district court found that the loss amount was the amount the practice actually received from Medicare, without deducting for legitimate services provided. On appeal, the defendant argued that Medicare sustained no actual loss, because legitimate services were provided to eligible patients. The Sixth Circuit rejected this argument, noting that the defendant's participation in the podiatry practice made the practice ineligible for *any* Medicare payments, regardless of the legitimate services provided. *Id.* at 321. Medicare similarly would not have paid the claims at issue here if it had known that Defendant was the beneficial owner or manager of the clinics at which services were provided.

For these reasons, the court finds that Defendant's appeal is unlikely to result in a significantly lower loss amount or sentence. Additionally, the court finds Defendant is unlikely to obtain reversal or an order for a new trial, for the reasons explained in its opinion and order denying Defendant's motions for judgment of acquittal and new trial. *See* Doc. 213.

## CONCLUSION

Therefore, IT IS HEREBY ORDERED that Defendant's motion for release pending appeal (Doc. 263) is DENIED.

Dated: November 29, 2018

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 29, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---