UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 14-20273

       v.                                HON. GEORGE CARAM STEEH

JOHNNY TROTTER, II,

       Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
<u>FOR COMPASSIONATE RELEASE (ECF NO. 288)</u>

    Defendant Johnny Trotter, II, seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). Trotter was convicted of conspiracy to commit health care fraud and three counts of health care fraud. He is a medical doctor who orchestrated a scheme to defraud Medicare of millions of dollars over several years. His sentencing guidelines range was 262 to 327 months of incarceration. On November 7, 2017, the court sentenced Defendant to 180 months of imprisonment and restitution in the amount of approximately $9,000,000. He is currently housed at FCI McKean and his anticipated release date is August 18, 2029.

    Trotter is forty-seven years old and alleges family history of various serious health conditions, including hypertension, congestive heart failure,

diabetes, and kidney failure. Trotter suffered a heart attack in 2002, when he was in his twenties. He has high blood pressure, impaired kidney function, a high body mass index, and high blood hemoglobin levels, which put him at risk of diabetes. Trotter contends that these conditions put him at a high risk for severe complications if he were to be infected with COVID-19. He also asserts that he is allergic to all vaccines and is unable to take the COVID-19 vaccine. Trotter has not disclosed whether he has previously been infected with the virus. He argues that the risk of COVID-19 infection, coupled with his health conditions, qualify him for compassionate release.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

The parties agree that Trotter has exhausted his administrative remedies and the court may consider the merits of his motion. When

-2-

reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The Sixth Circuit has made clear that the "extraordinary and compelling" requirement is a substantial hurdle. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771 (2022) (noting that "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent'" and "'[c]ompelling' meant 'forcing, impelling, driving'"); *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (*en banc*) ("[A]n 'extraordinary and compelling reason' is one that is unusual, rare, and forceful.").

In the early months of the COVID-19 pandemic, courts found the "extraordinary and compelling" prong to be satisfied based on the

increased risk of contracting the virus in prison and a defendant's underlying serious health conditions. *See, e.g.*, *United States v. Mitchell,* 472 F. Supp.3d 403, 407 (E.D. Mich. 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons); *United States v. Hargrove*, 2021 WL 509905, at *2 (E.D. Mich. Feb. 11, 2021) (heart failure, type 2 diabetes, and severe obesity, among other ailments). However, as pandemic conditions evolved, these factors were less likely to satisfy the extraordinary and compelling standard. The widespread availability of vaccines, in particular, ameliorated the risk of severe health outcomes. Recognizing this, the Sixth Circuit held that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (no extraordinary and compelling circumstances based upon serious health conditions when inmate received COVID-19 vaccine).

Trotter contends that he is allergic to all vaccines and is unable to take the COVID-19 vaccine. He has not, however, substantiated this claim. "[I]f an inmate does not present a compelling reason justifying the failure to

be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Lemons*, 15 F.4th at 751. The court further observes that Trotter has been in custody since 2017, though the worst of the pandemic, and has thus far avoided health complications resulting from a COVID-19 infection. Under the circumstances, it does not appear that his health conditions or the risk of COVID-19 infection meets the high bar of extraordinary and compelling reasons supporting a sentence reduction.

Assuming Trotter's inability to be vaccinated and his health conditions, along with the risk of COVID-19 infection, rise to the level of extraordinary and compelling reasons, the court must consider whether the § 3553(a) sentencing factors support a reduction. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a). It is presumed "that the district court's initial balancing of the § 3553(a) factors during [defendant's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction,

-5-

meaning [defendant] must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

Trotter committed a serious offense, involving a complex scheme to defraud Medicare by filing false claims in the amount of approximately $25 million. At sentencing, the court observed that "there's a great deal of rationalization going on here that avoids the acceptance of responsibility." ECF No. 259 at PageID 5953-54. The court noted that a significant term of confinement was appropriate to meet the goals of specific and general deterrence, recognizing that Defendant diverted a substantial amount of public money for personal gain. These factors were balanced against Defendant's potential for rehabilitation, including his skills, community involvement, and social support, and his cooperation with the government. The court determined that a sentence below the guidelines range was sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Trotter has served less than half of his sentence. *See Ruffin*, 978 F.3d at 1008 ("We have recognized that some of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the offense,' allow courts to consider the 'amount of time'

that a defendant has served on a sentence when deciding whether to grant a sentence reduction."). Considering the § 3553(a) factors, and the substantially below-guidelines sentence imposed, the court concludes that any further reduction would not be commensurate with the seriousness of the offense or consistent with the goals of sentencing, including specific and general deterrence, promoting respect for the law, and just punishment.

For these reasons, IT IS HERBY ORDERED that Defendant's motion for compassionate release (ECF No. 288) is DENIED.

Dated: July 13, 2023

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 13, 2023, by electronic and/or ordinary mail.

s/Mike Lang
Deputy Clerk